In the United States District Court
For the Southern District of Texas
Houston Division

| | |
|---|---|
| Farmers Texas County Mutual Insurance Company, *et al.*,<br>  Plaintiffs.<br><br>v.<br><br>1st Choice Accident & Injury, LLC, *et al.*,<br>  Defendants. | Civil Action No.<br>4:22-cv-02061 |

### Reply in Support of Motion to Dismiss by Matthew Dang, M.D. and Chad Porter, M.D.

In their omnibus response, Dkt. 71, to Defendants' respective motions to dismiss, Plaintiffs (collectively, "Farmers") do not mention the Radiologists, Dr. Dang and Dr. Porter, at all, and fail to point out any allegations showing the Radiologists were part of, let alone directed the affairs of, any RICO enterprise. Dkt. 61. Defendants also point to no allegations that the Radiologists engaged in any acts that could constitute mail fraud, the sole RICO predicate pled. For these and other reasons, Farmers' response confirms that they have failed to state a claim against the Radiologists.

I. Argument in Reply

  A. **Farmers has alleged no "association-in-fact" enterprise including the Radiologists.**

1

> 1. *The complaint contains no pleading of "association-in-fact" at all.*

Farmers claims in its response that they have pled an "association-in-fact" enterprise. This theory is not mentioned anywhere in Farmers' 38-page amended complaint and is raised for the first time only in Farmers' 12(b)(6) response. As pointed out in the Radiologists' motion, the word "enterprise" appears only once: paragraph 95, where Farmers alleges 1st Choice is "a participant in an 'enterprise[.]'"

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings[.]" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A court should "not consider and incorporate statements that appear in Plaintiff's response but were not in his" complaint. *Malone v. TD Ameritrade, Inc.*, No. 4:16-CV-614, 2017 U.S. Dist. LEXIS 110833, at *10 (E.D. Tex. 2017).

The Radiologists specifically raised Farmers' failure to identify a RICO enterprise in their pre-motion letter, Dkt. 41, at 2. Farmers have already taken the opportunity to amend their complaint in response to Defendants' pre-motion letters but made no attempt to further plead an enterprise in their amended complaint. This alone is a sufficient basis for dismissal of Farmers' RICO claim.

> 2. *Even if the "First Choice Scheme" was pled as an enterprise, Farmers never alleges either Radiologist is part of it.*

Farmers argues its amended complaint pleads an association-in-fact enterprise by describing "in great detail the 'First Choice Scheme,' which follows this general pattern," and references a flowchart from their amended complaint:

2



Dkt. 53, at ¶3. However, the amended complaint alleges this chart to be the "general pattern of treatment," not the structure of any enterprise. An "association-in-fact enterprise must have a structure." *Boyle v. United States*, 556 U.S. 938, 945 (2009).

To the extent this chart constitutes an allegation of an "enterprise" with a "structure," that "structure" does not include Dr. Dang or Dr. Porter, <u>neither of whom appear anywhere on the flowchart.</u>

Farmers also references its allegation that the "Scheme is controlled by those most closely connected to the Huynh brothers," which, in the complaint, is accompanied by a complicated "hub-and-spoke" organizational chart:



Dkt. 53, at ¶7. Again, <u>neither Dr. Dang nor Dr. Porter appear anywhere on this chart</u>.

3

In fact, the amended complaint contains no allegation of any relationship between either Radiologist and the "First Choice Scheme." The closes it comes is an allegation that the Radiologists were "two radiologists who [most often] provided the interpretation of" x-rays taken on referrals from "1st Choice providers." Dkt. 53, at ¶89. This is no allegation of any enterprise with which either Radiologist is associated.

To the extent Farmers' description of the "First Choice Scheme" is an adequate pleading of any association-in-fact enterprise, it is not one with which either Radiologist is "employed" or "associated." 18 U.S.C. § 1962(c). Farmers' RICO claims against the Radiologists should be dismissed.

**B. Farmers points to no allegation that either Radiologist participated in the "operation or management" of any enterprise.**

One "'is not liable under [§ 1962(c)] unless one has participated in the operation or management of the enterprise itself." *Reves v. Erst & Young*, 507 U.S. 170, 183 (1993). While liability "is not limited to those with a formal position in the enterprise, ... *some* part in directing the enterprise's affairs is required." *Id.* at 179 (emphasis in original).

To the extent that an association-in-fact enterprise was pled, Farmers points to no facts showing the Radiologists' took any part in directing its affairs. In its response, Farmers only waves vaguely toward "[p]aragraphs 2, 3, and 60–90 of the Amended Complaint," which they claim "detail the activities of the various participants in the scheme and provide overwhelming examples of their fraudulent, templated medical records." Dkt. 71, at 15.

The Radiologists are mentioned only in two of the referenced paragraphs, quoted here in their entirety:

4

> 89. In general, if the patient had gone to an emergency facility and x-rays were exposed, new x-rays were not ordered by 1ˢᵗ Choice providers. However, if the patient had not undergone any x-rays prior to seeking care within a 1ˢᵗ Choice facility, referrals were made by 1ˢᵗ Choice providers. Most often there were two radiologists who provided the interpretation of the x-rays: Matthew Dang, M.D. and Chad Porter, M.D. When these two radiologists provided their interpretations, their respective reports also *made additional recommendations to obtain MRI's for more clinical clarity.* Other radiologists did not make these types of recommendations.
>
> 90. **88% of patients underwent at least one MRI study**, with most patients undergoing two or more MRIs. **This is well above a typical chiropractic office, which often refers 10%-15% of their patients for MRIs**. The majority of MRI procedures were conducted at Memorial MRI & Diagnostic, LLC[1] and One Step Diagnostic. **63% of the patients that underwent MRI evaluations had interpretations performed by either Drs. Matthew Dang, M.D. and/or Chad Porter, M.D.**

Dkt. 53, at ¶89–90.

As pointed out in the Radiologists' motion and pre-motion letter, these "allegations show that the Radiologists practiced radiology, not racketeering." Farmers alleges only that the Radiologists read x-rays, recommended MRIs, and read MRIs. Farmers does <u>not</u> allege that any of the Radiologists' readings or recommendations were fraudulent or even improper. There is no indication at all that either Radiologist directed any part of the affairs of the alleged "Scheme."

Farmers emphasizes a series of statistics, but the reader is left to guess as to what any of it has to do with alleged fraud or

5

racketeering. Farmers alleges 1st Choice refers a larger-than-normal percentage of patients for MRIs, but these referrals were neither by or to the Radiologists. Farmers alleges a large percentage of MRIs at two facilities were read by the Radiologists but does not even allege that this is even unusual, let alone indicative of any wrongdoing.

"Factual allegations must be enough to raise a right to relief above the speculative level," and not merely create "'a suspicion [of] a legally cognizable right of action.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Farmers' allegation that the Radiologists interpreted a large number of images does not meet this standard in showing either Radiologist took any part in directing the affairs of any enterprise. Farmers' RICO claims against the Radiologists must be dismissed.

### C. Farmers points to no allegation that either Radiologist engaged in any predicate acts.

In asserting that it has pled a pattern of racketeering activity, Farmers points to the same paragraphs 2, 3, and 60–90. Dkt. 71, at 17. As explained above, the Radiologists are mentioned only in paragraphs 89 and 90. Just as neither paragraph shows either Radiologist participated in the operation or management of any enterprise, neither paragraph shows either Radiologist engaged in a pattern of racketeering activity.

Farmers has pled only a § 1962(c) claim, and not a § 1962(d) RICO conspiracy claim. A § 1962(c) claim "require[s] *each defendant* to have committed at least two predicate acts of racketeering activity." *United States v. Sutherland*, 656 F.2d 1181, 1203 (5th Cir. 1981) (emphasis added).

As pointed out in the Radiologists motion, the only RICO predicate pled in the amended complaint is mail fraud under 18 U.S.C. § 1341. Dkt. 53, at ¶95. The amended complaint contains no allegation that either Radiologist committed any act of mail

6

fraud. For this reason as well, Farmers' RICO claims against the Radiologists must be dismissed.

## D. Farmers has not shown how its injuries are direct and concrete rather than indirect and speculative.

As explained in the Radiologists motion, speculative or indirect injuries do not support standing in civil RICO cases. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 459 (2006); *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258 (1992). Farmers fails to adequately address this point in its response. Dkt. 71, at 20.

Farmers points only to the "design" and "scope" of the alleged "Scheme" to show that its damages are not speculative. But the very nature of its claimed injury is it paid too much to settle unliquidated, disputed claims to which Defendants were not parties. The measure of damages, then, is the difference between the amount it actually paid and the amount it "should" have paid to settle its disputes with injured claimants who are not parties to this case. The amount those claimants would have been inclined to accept is inherently speculative.

"One of the factors weighing against standing is difficulty in ascertaining the amount of the Plaintiffs' damages that are attributable to Defendants' wrongful conduct." *Rubloff Dev. Grp., Inc. v. SuperValu, Inc.*, 863 F.Supp.2d 732, 744 (N.D. Ill. 2012). Farmers' damages cannot be ascertained with any reasonable certainty. Its claims should be dismissed.

## E. The state law claim should be dismissed.

### 1. Farmers provides no reason for the Court to exercise supplemental jurisdiction.

As stated in the Radiologists' motion, there is no reason for the Court to exercise supplemental jurisdiction over Farmers' state law money had and received claim if the RICO claim is dismissed in the case's infancy. *Enochs v. Lampasas Cty.*, 641 F.3d 155, 161

(5th Cir. 2011). Farmers does not address this argument at all in its response.

> 2. *Farmers points to no allegations supporting a money had and received claim against the Radiologists.*

Farmers argues it need not prove wrongdoing, but while "a plaintiff need not show the defendant acquired the money through fraud or duress," the plaintiff must show "a lack of good faith in the acceptance of the stolen or pilfered funds." *Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836, 843 (5th Cir. 2004).

As explained above, Farmers has alleged no facts showing any lack of good faith on the part of either Radiologist. Farmers has alleged only that the Radiologists have interpreted x-rays and MRIs. Farmers points generally to its description of the "Scheme," but, as explained above, Farmers has not alleged any facts showing the Radiologists took any real part in the "Scheme."

Further, Farmers does not allege, beyond the most conclusory of statements, that the Radiologists ever received any of Farmers' money, directly or indirectly. Farmers complains "it is impossible for Plaintiffs to know which Defendants received which money from the Scheme," but Farmers cannot simply make a global allegation that someone among more than a dozen defendants has their money and sue them all. *See Del Castillo v. PMI Holdings N. Am., Inc.*, No. 4:14-cv-3425, 2015 U.S. Dist. LEXIS 80301, 2015 WL 3833447, at *6 (S.D. Tex. 2015) (Ellison, J.) ("A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct.").

Farmers has failed to state a money had and received claim against the Radiologists.

II. PRAYER

8

The Radiologists respectfully request Farmers' claims against them be dismissed with prejudice.

DATED:   June 23, 2023.

    Respectfully Submitted,

    HUMPHREY LAW PLLC

    */s/ Brian Humphrey*
    **Brian Humphrey**
    State Bar No. 24074456
    700 Louisiana, Suite 3950
    Houston, Texas 77002
    brian@humphreylawpllc.com
    Telephone: 713-364-2616
    Facsimile: 832-827-3299
    ***Attorney for Defendants Matthew Dang, M.D. and Chad Porter, M.D.***

CERTIFICATE OF SERVICE

I hereby certify that this document was served on all attorneys of record and/or unrepresented parties in accordance with Rule 21a as indicated below on June 23, 2023.

**Scot G. Doyen**
DOYEN SEBESTA & POELMA, LLLP
sdoyen@ds-lawyers.com
*Attorney for Plaintiffs*
*Via ECF*

**Sammy Ford IV**
AHMAD, ZAVITSANOS & MENSING, PC
sford@azlaw.com
*Attorney for Defendants 1st Choice Accident & Injury, LLC,* et al.
*Via ECF*

**Blake A. Bailey**
PHELPS DUNBAR LLP
blake.bailey@phelps.com
*Attorney for Defendant Complete Pain Solutions, LLC*
*Via ECF*

**Thomas N. Lightsey III**
THOMAS N. LIGHTSEY III, P.C.
tom@lightsey.legal
**Raina Spielman Newsome**
THE NEWSOME LAW FIRM, PLLC
raina@newsomelawfirm.com
*Attorneys for Defendants Adu-Lartey and Singleton*

 */s/ Brian S. Humphrey II*
 Brian S. Humphrey II