United States District Court
Southern District of Texas
**ENTERED**
March 27, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, *et al.*, <br><br> Plaintiffs. <br><br> V. <br><br> 1ST CHOICE ACCIDENT & INJURY, LLC, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § § § CIVIL ACTION NO. 4:22-CV-02061 |

## ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

On November 9, 2023, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 79. Judge Edison filed a Memorandum and Recommendation on March 12, 2024, recommending that the Defendants' Motions to Dismiss (Dkts. 54, 58, 60, 61, 62) be **GRANTED**. *See* Dkt. 83.

On March 26, 2024, Plaintiffs filed their Objections. *See* Dkt. 84. In accordance with 28 U.S.C. § 636(b)(1)(C), this Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* FED. R. CIV. P. 72(b)(3).

The Court has carefully considered the Objections, the Memorandum and Recommendation, the pleadings, and the record. As explained below, the Court **ACCEPTS in part** and **REJECTS in part** Judge Edison's Memorandum and Recommendation.

Judge Edison recommended that Defendants' Motions to Dismiss be granted because Plaintiffs failed to sufficiently allege enterprise status. In reaching this conclusion, Judge Edison identified two independent reasons for dismissal. First, he held that Plaintiffs had failed to sufficiently allege that the purported association-in-fact enterprise had a purpose separate and apart from the pattern of activity in which it engages. Second, Judge Edison concluded that Plaintiffs had failed to sufficiently plead that the members of the alleged association-in-fact enterprise function as a continuing unit as shown by a consensual, decision-making structure.

In objecting to Judge Edison's "separate purpose" finding, Plaintiffs argue that there is no requirement that a RICO plaintiff plead a "separate purpose." The Court observes that the first time Plaintiffs argued that there is no "special purpose" requirement was in its recent objections to Judge Edison's Memorandum and Recommendation. Until then, Plaintiffs actually took the position that there was a "special purpose" requirement. Indeed, at the February 6, 2024 hearing on the Motions to Dismiss before Judge Edison, Plaintiffs' counsel expressly represented that there is a "separate purpose" requirement in a RICO cause of action:

> Judge Edison: You've got to be able to plead that there is an entity separate and apart—in other words, an entity that exists for purposes other than to commit the predicate acts, right?
>
> Plaintiffs' counsel: Yes, sir.

It is unclear why Plaintiffs waited until after Judge Edison issued his Memorandum and Recommendation to completely reverse course and take the position that there is no "special purpose" requirement. It sure would have been helpful--and appreciated--for Plaintiffs to raise this argument at an earlier date.

In arguing for the first time in their Objections that there is no "special purpose" requirement, Plaintiffs focus on the Fifth Circuit case, *Allstate Insurance Co. v. Plambeck*, 802 F.3d 665 (5th Cir. 2015). *Plambeck* states:

> The defendants point to no binding authority that an enterprise must have a purpose besides committing racketeering activity. Instead, they assert that there must be a different purpose because a RICO enterprise cannot be the pattern of racketeering itself. But in [*United States v. Turkette*, 452 U.S. 576, 583 (1981)], the Court rejected a similar challenge that would have excluded from "enterprise" those entities pursuing solely unlawful ends. Even with "wholly illegitimate enterprises such as an illegal gambling business or a loan-sharking operation" the [plaintiff] must still satisfy different legal standards to show the existence of the existence of the enterprise and the pattern of racketeering. *Id.* at 583–85. . . . The Sixth Circuit examined [*Boyle v. United States*, 556 U.S. 938 (2009)] and held that an association can satisfy the enterprise requirement under RICO even if its sole purpose is to carry out a pattern of racketeering. *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 794–95 (6th Cir. 2012).

*Id.* at 674. This binding case law from the Fifth Circuit convinces the Court that a so-called "separate purpose" requirement is not an element of a RICO cause of action. As such, the Court **REJECTS** the portion of the Memorandum and Recommendation that requires Plaintiffs to plausibly allege a "separate purpose" of a RICO enterprise.

However, the Court **ACCEPTS** the remainder of the Memorandum and Recommendation—particularly, insofar as it explains why Plaintiffs have not adequately alleged that the RICO enterprise functions as a consensual, decision-making structure. The Court also agrees with Judge Edison's conclusion that this Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claim for money had and received.

It is therefore **ORDERED** that:

(1) Judge Edison's Memorandum and Recommendation (Dkt. 83) is **ACCEPTED in part and REJECTED in part**. With the express exception of Section B(1), Judge Edison's Memorandum and Recommendation is **ADOPTED** as the holding of the Court; and

(2) Defendants' Motions to Dismiss (Dkts. 54, 58, 60, 61, 62) are **GRANTED**.

It is so **ORDERED**.

SIGNED and ENTERED this 27th day of March 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE