# United States Court of Appeals
# for the Fifth Circuit

United States Courts
Southern District of Texas
FILED

*March 18, 2026*

Nathan Ochsner, Clerk of Court

No. 24-20275

United States Court of Appeals
Fifth Circuit
**FILED**
February 24, 2026

Lyle W. Cayce
Clerk

FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY; 21ST CENTURY CENTENNIAL INSURANCE COMPANY; FARMERS INSURANCE COMPANY, INCORPORATED; FIRE INSURANCE EXCHANGE; TEXAS FARMERS INSURANCE COMPANY; FOREMOST COUNTY MUTUAL INSURANCE COMPANY; FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN; HOME STATE COUNTY MUTUAL INSURANCE COMPANY; TRUCK INSURANCE EXCHANGE; MID-CENTURY INSURANCE COMPANY; BRISTOL WEST SPECIALTY INSURANCE; FOREMOST SIGNATURE INSURANCE COMPANY; FARMERS INSURANCE EXCHANGE,

*Plaintiffs—Appellants,*

*versus*

1ST CHOICE ACCIDENT AND INJURY, L.L.C.; PHUC VINH CHARLEY HUYNH, D.C.; PHUC KIEN ANDY HUYNH, D.C.; PHUC NANCY HONG HUYNH, D.C.; DANIELLE BUI HUYNH; SUSAN HANH HUYNH; HOUSTON PAIN RELIEF AND WELLNESS CLINIC, L.L.C.; SMART CHOICE CHIROPRACTIC, L.L.C.; MEDICAL CENTER CHIROPRACTIC, L.L.C.; CELEBRITY SPINE AND JOINT, L.L.C.; PROHEALTH MEDICAL GROUP MANAGEMENT, L.L.C.; SEE CHIN, *Medical Doctor*; MATTHEW DANG, *Medical Doctor*; CHAD PORTER, *Medical Doctor*; COMPLETE PAIN SOLUTIONS, L.L.C.; ALI MAZLOOM, *Medical Doctor*; MILLENNIUM PAIN AND SURGICAL INSTITUTE, L.L.C.; ORIGIN SPINE INSTITUTE, L.L.C.; ORIGIN MRI AND DIAGNOSTICS, L.L.C.; MAXWELL ADU-LARTEY, *Medical Doctor*; SCOTT M. HUNG, *Medical Doctor*; DAVID SINGLETON, *Medical Doctor*; REID SINGLETON, *Medical Doctor*,

*Defendants—Appellees,*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-2061

---

Before SMITH and RICHMAN, *Circuit Judges.*[*]

PRISCILLA RICHMAN, *Circuit Judge*:

Plaintiffs (collectively Farmers)[1] sued multiple defendants, asserting claims under the Racketeer Influenced and Corrupt Organizations Act (RICO).[2] The district court granted Defendants' motions to dismiss and denied Farmers's post-judgment motion for leave to amend its complaint. Farmers appeals the denial of its motion to amend. We affirm.

## I

Farmers sued Defendants under 18 U.S.C. § 1962(c), part of RICO, alleging that a group of medical providers habitually violated a federal mail fraud statute, 18 U.S.C. § 1341. Farmers also brought a Texas state-law money-had-and-received claim, which is not at issue here. Farmers asserts that Defendants violated § 1341 by engaging in a scheme to enrich themselves by submitting "fraudulent evaluation reports and billing, including substantial templating, up-coding, overbilling, billing for services not rendered, and unwarranted diagnostic procedures." These submissions "pertain to [individual patients] who were involved in motor vehicle

---

[*] Judge DENNIS was a member of the panel that heard this case but took inactive status after the case was submitted. This matter is decided by a quorum under 28 U.S.C. § 46(d).

[1] This opinion mirrors the briefing in treating "Farmers" as singular.

[2] 18 U.S.C. § 1962.

2

No. 24-20275

accidents and asserted claims for damages against Farmers or individuals who were eligible for insurance benefits under Farmers insurance policies."

Farmers filed suit in June 2022. The parties then engaged in multiple conferences with the court during which alleged deficiencies in the complaint were discussed. At an October 2022 conference, Farmers represented to the court that it intended to amend its complaint. At a November 2022 conference, one of the defendant's counsel indicated that Farmers had agreed to amend. Between October 2022 and January 2023, four defendants filed a total of three pre-motion letters previewing their arguments as to the sufficiency of the complaint. One pre-motion letter pointed out that Farmers made no allegation of an enterprise because it "never identifie[d] or describe[d] the enterprise." Farmers amended its complaint on February 28, 2023.

About two months later, Defendants filed several motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and failure to plead with particularity under Federal Rule of Civil Procedure 9(b). Three of the motions attacked the sufficiency of Farmers's allegations regarding the RICO "enterprise" and specifically mentioned the lack of a "consensual decision-making structure." A fourth addressed the RICO "enterprise" but did not discuss the "consensual decision-making structure." Farmers filed a single response to the Defendants' motions to dismiss, requesting an extension of time as to several of the earlier-filed motions, for which the response deadlines had passed, due to a "clerical error."

At the hearing on the motions to dismiss, the magistrate judge scrutinized Farmers's allegations regarding an "association-in-fact" enterprise to support its RICO claim. Farmers considered its amended complaint "sufficient," stating that "[w]e think that we have got an

3

No. 24-20275

enterprise here," and "we think we've adequately pled." Farmers did not ask to file another amendment.

Almost a year after Defendants filed their motions to dismiss, the magistrate judge recommended that the motions be granted, concluding that Farmers failed "to sufficiently plead an association-in-fact enterprise." First, the magistrate judge reasoned that Farmers did not allege a "separate purpose" of the enterprise. Second, the magistrate judge concluded that Farmers did not allege a "consensual, decision-making structure." Farmers objected to the magistrate judge's recommendations but did not seek leave to amend further, instead maintaining that its amended complaint was sufficient.

The district court granted the motions to dismiss, adopting in part and rejecting in part the magistrate judge's recommendations. The district court concluded that showing a "separate purpose" was not required but noted that Farmers agreed at the hearing on the motion to dismiss that a "separate purpose" was a requirement and did not raise the argument that it was not required until it objected to the magistrate judge's recommendations. The district court agreed with the magistrate judge that Farmers did not adequately allege that the "enterprise function[ed] as a consensual, decision-making structure," and it granted Defendants' motions to dismiss.

Farmers then filed a post-judgment motion "under Federal Rules of Civil Procedure 59 and/or Rule 60." It asked for leave to amend and attached a Proposed Second Amended Complaint, but it requested twenty days to file the proposed amendment. Acknowledging Farmers's argument that the proposed amendment "cure[d] the deficiencies that made the complaint susceptible to a motion to dismiss in the first instance," the court concluded that Farmers "fail[ed] to demonstrate why the proposed amended allegations could not have been raised prior to the entry of judgment." The district court

4

No. 24-20275

cited the Rule 59(e) standard, granted Farmers's request to amend the final judgment to reflect that the dismissal was without prejudice, and denied the motion in all other respects. Farmers appealed.

## II

Farmers asks this court to confirm that the district court should have considered the Rule 15(a) standard in determining whether to grant the post-judgment request for leave to amend. Farmers argues that we must remand for the district court to apply that standard.

## A

"When a court enters a final judgment, a party may move to amend its complaint under Fed. R. Civ. P. 59(e) or 60 rather than under Fed. R. Civ. P. 15(a)."[3] "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"[4] However, when a party moves "to amend its complaint under Fed. R. Civ. P. 59(e) or 60," "our analysis of a party's Fed. R. Civ. P. 59(e) motion 'should be governed by the same considerations controlling the exercise of discretion under [Fed. R. Civ. P.] 15(a).'"[5] "We generally review a decision on a motion to alter or amend judgment under Rule 59(e) for abuse of

---

[3] *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir. 2018); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) ("When a district court dismisses an action and enters a final judgment, however, a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60.").

[4] *Rosenzweig*, 332 F.3d at 863 (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

[5] *Allen*, 907 F.3d at 184 (alteration in original) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. Nov. 1981)).

No. 24-20275

discretion."[6] We likewise "consider whether the district court abused its discretion in not allowing [a party] to amend [its] complaint."[7]

Under Rule 15(a), the district court "should freely give leave [to amend] when justice so requires."[8] "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case."[9]

> The United States Supreme Court has listed several factors for a court to consider when it analyzes a party's [Rule 15(a)] motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]"[10]

"In light of the presumption in favor of allowing pleading amendments, courts of appeals routinely hold that a district court's failure to provide an adequate explanation to support its denial of leave to amend justifies reversal."[11] We have a "strong preference for *explicit* reasons," and "a district court's failure to explain its reasons for denying the motion typically

---

[6] *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 721-22 (5th Cir. 2013) (quoting *Pioneer Nat. Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Loc. 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

[7] *Allen*, 907 F.3d at 184.

[8] *Id.* (quoting FED. R. CIV. P. 15(a)(2)).

[9] *Schiller v. Physicians Resource Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

[10] *Allen*, 907 F.3d at 184 (first alteration not in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[11] *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 478 (5th Cir. 2018) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 426 (5th Cir. 2004)).

warrants reversal."[12]  Nevertheless, if "justification for the denial is readily apparent, a failure to explain is unfortunate but not fatal to affirmance if the record reflects ample and obvious grounds for denying leave to amend."[13]

Farmers argues the district court committed reversible error when it used the Rule 59(e) legal standard to evaluate its post-judgment motion for leave to amend instead of the "liberal" Rule 15(a) standard.[14]  Farmers contends that the proper course of action for this court is to remand because the district court abused its discretion by applying the wrong legal standard and our court "sits as a court of review, not of first view."[15]  Farmers argues that "this Court assesses the record for obvious grounds for denial only when the district court fails to explain the reasons for denial," and not when the district court applies the wrong legal standard.  Defendants agree that Rule 15(a) provides the correct standard, but Defendants contend that the district court did, in fact, "properly" conduct its analysis under the Rule 15(a) standard and that "failure to expressly mention Rule 15 does not merit reversal."  Defendants assert that the district court denied the motion for undue delay, which was supported under both Rule 15(a) and Rule 59(e).[16]

---

[12] *Id.* (first quoting *Mayeaux*, 376 F.3d at 426, then quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

[13] *Id.* (quoting *Marucci Sports*, 751 F.3d at 378).

[14] *See Foman*, 371 U.S. at 182 (stating that under Rule 15(a) "leave to amend 'shall be freely given when justice so requires'" (quoting FED. R. CIV. P. 15(a) (1962))).

[15] *Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) (quoting *United States v. Vicencio*, 647 F. App'x 170, 177 (4th Cir. 2016)).

[16] *See, e.g., Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998) (affirming the district court's denial of plaintiffs' motion to amend under Rule 15(a) when "[p]laintiffs [were] represented by able counsel and [] had three opportunities to articulate their damage theory—in the complaint, the RICO case statement, and brief in response of the motion to dismiss"); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) ("A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest

No. 24-20275

We acknowledge the district court did not expressly apply the Rule 15(a) standard and referenced only the Rule 59(e) standard in its order, though its reasoning echoed similar phrases from both standards.

In *Rosenblatt v. United Way of Greater Houston*,[17] our court considered the record without specifying whether the district court applied the Rule 59(e) or Rule 15(a) standard and held that "the district court did not abuse its discretion in denying [the plaintiff's] [post-judgment] motion to amend."[18]  In *Allen v. Walmart Stores, L.L.C.*,[19] we affirmed the district court's post-judgment denial of leave to amend because the "grounds for the district court's ruling . . . [were] apparent."[20]  This was so, even though "[t]he district court denied Allen's request to amend her complaint because it did not fall under either Fed. R. Civ. P. 59(e) or 60(b)" and "did not provide any further reasons for denying Allen's request to amend her complaint."[21]  The "lack of analysis" did not prevent us from reviewing the record for ample and obvious grounds supporting affirmance.[22]  *Rosenblatt* and *Allen* suggest that, irrespective of the standard the district court actually

---

error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003))).

[17] 607 F.3d 413 (5th Cir. 2010).

[18] *Id.* at 419-20.

[19] 907 F.3d 170 (5th Cir. 2018).

[20] *Id.* at 185 (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. Nov. 1981)).

[21] *Id.*

[22] *See id.*; *see also U.S. ex rel. Hebert v. Dizney*, 295 F. App'x 717, 724-25, 724 n.2 (5th Cir. 2008) (affirming the district court's post-judgment denial of leave to amend after the "district court included both the correct, Rule 15(a) standard and an erroneous, post-merits-judgment amendment standard," but noting that appellants did "not argue that the district court's stated reasons were not intended to apply to Rule 15(a)").

applied, we can review the record for "ample and obvious" grounds in determining whether the district court abused its discretion in denying a party's post-judgment motion to amend.[23]

Additionally, in an unpublished decision, we directly addressed this issue. In *Salas v. City of Galena Park*,[24] we reviewed the record for "ample and obvious grounds for denying leave to amend" after "the district court committed error by applying the wrong standard to the [party's] request for leave to amend, even couched as it was in a Rule 59 motion."[25] Addressing *Salas*, Farmers argues that our "effort to resolve a case with a 'tortured' history is not authority for needlessly intervening here."

When a district court applies the wrong standard, it necessarily fails to provide a meaningful analysis of the correct standard to the facts of the case. We see no material difference between that situation and one in which a district court applies the correct standard but fails "to explain adequately" its reasoning.[26] What is the rationale for undertaking a review of the record for "ample and obvious" reasons in one instance and not the other? Insofar as Farmers argues that this court is a court of "review, not of first view," we

---

[23] *See Allen*, 907 F.3d at 185 ("The lack of analysis does not automatically require us to determine that the district court abused its discretion, but 'the [district court's] reasons [for denial] would have to be readily apparent[.]'" (alteration in original) (quoting *Dussouy*, 660 F.2d at 597); *see also Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1154 (5th Cir. Unit A Sept. 1981) ("The strong preference for explicit reasons yields to the presence here of ample and obvious grounds for denying leave to amend. . . . The mere absence . . . of articulated reasons for denial does not indicate an abuse of the court's discretion."); *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 426-28 (5th Cir. 2004) (holding that the district court did not abuse its discretion when there were obvious reasons to deny the party's request to amend).

[24] No. 21-20170, 2022 WL 1487024 (5th Cir. May 11, 2022) (unpublished).

[25] *Id.* at *6-7 (quoting *Mayeaux*, 376 F.3d at 426).

[26] *Mayeaux*, 376 F.3d at 426; *see Allen*, 907 F.3d at 185.

No. 24-20275

note that we are not reviewing the record as the district court would. Rather, we review for "ample and obvious" reasons for affirmance.[27]

Even if the district court applied only the Rule 59(e) standard, we have long operated under the maxim that we can "affirm the district court on any grounds supported by the record and argued in the court below."[28] We therefore review the record to determine whether there are "ample and obvious grounds" for denying Farmers's post-judgment leave to amend.[29]

**B**

An "apparent . . . reason" for the denial of a motion to amend can include "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[30] "In reviewing the timeliness of a motion to amend, delay alone is insufficient: 'The delay must be *undue*, i.e.,

---

[27] *See, e.g., Allen,* 907 F.3d at 186 ("[T]he fact that Allen would still fail to state a plausible claim against any Wal-Mart employee gives an apparent reason for the district court's denial of Allen's motion to amend."); *Mayeaux,* 376 F.3d at 426-27 (examining "the procedural history," the court had a "definite and firm conviction that [the parties] would have suffered undue prejudice"); *Carroll v. Fort James Corp.,* 470 F.3d 1171, 1175 (5th Cir. 2006) (concluding that the grounds appeared ample and obvious when the appellants had failed to plead a fraud claim in their first amendment and failed to file a second amendment by the required deadline).

[28] *Maria S. ex rel. E.H.F. v. Garza,* 912 F.3d 778, 783 (5th Cir. 2019).

[29] *Mayeaux,* 376 F.3d at 426 (quoting *Rhodes v. Amarillo Hosp. Dist.,* 654 F.2d 1148, 1154 (5th Cir. Unit A Sept. 1981)).

[30] *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see Mayeaux,* 376 F.3d at 426 ("When the reason for the denial is 'readily apparent,' however, a district court's failure to explain adequately the basis for its denial 'is unfortunate but not fatal to affirmance' if the record reflects 'ample and obvious grounds for denying leave to amend.'" (first quoting *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597 (5th Cir. Nov. 1981), then quoting *Rhodes,* 654 F.2d at 1153-54)).

No. 24-20275

it must prejudice the nonmoving party or impose unwarranted burdens on the court.'"[31]  "When parties delay seeking leave to amend for several months after a motion to dismiss is filed, we have held that district courts do not abuse their discretion in denying the request for leave."[32] We have also "indicated that, in exercising its discretion to deny leave to amend a complaint, a trial court may properly consider (1) an 'unexplained delay' . . . and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed."[33]

Farmers argues there was no undue delay because it "did not have notice that Defendants contended it had not adequately pleaded [the consensual, decision-making structure] until Defendants' motions to dismiss," and it "lacked guidance from the district court about whether there was any validity to Defendants' contentions." Without requisite notice, Farmers claims it could not have realized the necessity of amendment. Farmers contends it "timely objected" to the magistrate judge's recommendation and "timely moved under Rule 59(e) for reconsideration and requested leave to amend" after the district court's order.

In *Whitaker v. City of Houston*,[34] we affirmed the district court's post-judgment denial of leave to amend after the plaintiff (1) "never sought leave to amend his complaint but instead stood by its sufficiency" for "eleven months during which [the defendant's] dismissal motion was pending before

---

[31] *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 478 (5th Cir. 2018) (quoting *Mayeaux*, 376 F.3d at 427).

[32] *Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 202 (5th Cir. 2021).

[33] *In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996) (citing *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. Unit A Nov. 1981)).

[34] 963 F.2d 831 (5th Cir. 1992).

11

No. 24-20275

the district court" and (2) "waited almost thirty days to file a motion for leave to amend" after the court granted the defendant's motion to dismiss "and thereafter waited an additional month before producing the amended complaint for which he sought permission to file."[35] We concluded that "the district court did not abuse its discretion when, on grounds of 'lack of due diligence,' it denied [the plaintiff's] post-dismissal [] motion to amend."[36]

Like the plaintiff in *Whitaker*, Farmers exhibited a "lack of due diligence." Over a year elapsed between Defendants' pre-motion letters identifying Farmers's failure to plead a RICO enterprise sufficiently in its original complaint and Farmers's seeking leave to amend post-judgment. Almost twelve months elapsed after Defendants filed motions to dismiss for failure to sufficiently plead an enterprise with a "consensual, decision-making structure" before Farmers sought post-judgment leave to amend. Farmers requested an extension of time to respond to several of the motions to dismiss due to a "clerical error" in calendaring the dates the responses were due. Then, at the hearing on the motions to dismiss, the magistrate judge discussed the RICO enterprise with Farmers, and Farmers stated that "[w]e think that we have got an enterprise here," that it had "adequately pled" since the complaint "allege[d] activity that violate[d] RICO," and that it had "a good complaint." In other words, Farmers "never sought leave to amend [its] complaint but instead stood by its sufficiency" "during which [Defendants'] dismissal motion[s] [were] pending before the district court."[37] Following the district court's order granting Defendants' motions

---

[35] *Id.* at 836-37.

[36] *Id.* at 837.

[37] *Id.*; *see also Acad. of Allergy & Asthma*, 998 F.3d at 202 (affirming the district court's denial of leave to amend "because Plaintiffs did not seek to amend during the eleven

to dismiss, Farmers "waited almost thirty days to file a motion for leave to amend"[38] and requested another twenty days to file its Proposed Second Amended Complaint. As in *Whitaker*, we conclude the district court did not abuse its discretion in denying Farmers leave to amend.[39]

Farmers argues "*Whitaker* has limited relevance" because our court did not consider that case "under a de novo standard," which it claims should apply here. However, because we review for an abuse of discretion, the reasoning from *Whitaker* applies in the present case.

On more than one occasion, we have affirmed a district court's denial of post-judgment leave to amend when parties do not adequately explain their delay[40] or when parties "concede they have not raised any facts which were not available previous[ly]."[41]    Farmers fails to provide an adequate

---

months that [the party's] motion was pending or provide an amended complaint once they did move for leave to amend").

[38] *Whitaker*, 963 F.2d at 837.

[39] *See id.*

[40] *See, e.g., B. A. Kelly Land Co., L.L.C. v. Aethon Energy Operating, L.L.C.*, 25 F.4th 369, 384-85 (5th Cir. 2022) (recognizing the party's failure to "address its delay in filing for leave to amend" and concluding that the "district court did not abuse its discretion in denying leave to amend"); *In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996) ("Southmark offers no reasonable explanation for its delay in amending its complaint."); *Franklin v. State Farm Ins. Co.*, No. 23-30583, 2024 WL 3355357, at *4 (5th Cir. July 10, 2024) (unpublished) (concluding that "without a legitimate explanation for the undue delay, and when provided with no real basis to grant leave to amend, the district court did not abuse its discretion in denying Franklin's motion").

[41] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003); *see Southmark Corp.*, 88 F.3d at 316 (affirming the district court's denial of leave to amend when the party "sought leave to add . . . a fact of which it had been aware since before it filed its original complaint . . . eleven months after the first amended complaint was filed"); *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 420 (5th Cir. 2010) ("The facts Rosenblatt seeks to add to his complaint now were available to him previously and he has not shown any reason, other than a misguided attempt at strategy, why he failed to plead them before."); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979)

No. 24-20275

explanation for its delay and does not dispute that it could have asserted its proposed amended factual allegations earlier.

Finally, "[w]hile FED. R. CIV. P. 15(a) endows a district court with 'virtually unlimited discretion' to allow amendments before entry of judgment, that discretion narrows considerably after entry of judgment."[42] "In cases where a party seeks to amend her complaint after entry of judgment, 'we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling.'"[43]   Farmers recognizes that its "Proposed Second Amended Complaint does not raise a 'new matter'" per se, and it asserts that the post-judgment narrowing of discretion "primarily concerns motions for leave following an adverse merits judgment." However, as we recently recognized in an unpublished decision, we have "repeatedly affirmed district courts' decisions to deny requests for leave to amend where there was undue delay, especially when the request came only after the case was dismissed,"[44] irrespective of whether the ruling was on the merits.[45]

---

(affirming the district court's denial of leave to amend and noting that appellant's counsel admitted that "all of the facts relevant to the proposed amendment were known to the appellant at the time she filed her original complaint"); *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998) (affirming the district court's denial of plaintiffs' motion to amend when "[p]laintiffs [were] represented by able counsel and [] had three opportunities to articulate their damage theory—in the complaint, the RICO case statement, and brief in response of the motion to dismiss").

[42] *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (quoting 6 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1489 (2d ed. 1990)).

[43] *Id.* (quoting *Briddle v. Scott*, 63 F.3d 364, 379 (5th Cir. 1995)).

[44] *Franklin*, 2024 WL 3355357, at *3.

[45] *See, e.g., id.* (citing *Whitaker* as an example in which this court affirmed a denial of leave to amend after a Rule 12(b)(6) dismissal); *Lewis v. Fresne*, 252 F.3d 352, 360 (5th

No. 24-20275

\*       \*       \*

For the foregoing reasons, we AFFIRM the district court's denial of leave to amend.

---

Cir. 2001) (affirming denial of leave to amend after the district court dismissed the plaintiff's complaint); *Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 202 (5th Cir. 2021) (affirming the district court's denial of leave to amend after a 12(b)(6) dismissal); *DeGruy v. Wade*, 586 F. App'x 652, 654-56 (5th Cir. 2014) (unpublished) (affirming the district court's denial of leave to amend after a 12(b)(6) dismissal because the plaintiff's "lack of diligence caused serious delay and [] she had not provided an adequate explanation for the delay").